UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THE FISHING COMPANY OF ALASKA, INC., a Washington corporation, | CASE NO. C13-1380RSM |
| Petitioner, | ORDER GRANTING PETITIONERS' MOTION FOR PARTIAL SUMMARY JUDGMENT |
| v. | |
| WALTER WENDELL WATSON, an individual, | |
| Respondent. | |

## I.   INTRODUCTION

This matter comes before the Court on Petitioner's Motion for Partial Summary Judgment. Dkt. #11. Petitioner argues that to the extent Respondent seeks to raise any counterclaims based on negligence, such claims are barred by the statute of limitations and should be dismissed. Respondent opposes the motion, arguing that his counterclaims should be tolled because "complete loss of memory" resulting from his Post Traumatic Stress Disorder ("PTSD") precluded him from bringing his claims earlier. Dkts. #17, #18 and #22. Respondent has also brought a Motion for Severe Sanctions, asking the Court to strike an exhibit filed by Petitioner in support of its motion, which references a prior criminal history for Respondent, and asks the Court to preclude Petitioner from defending itself at all in this action moving forward. Dkt. #21. For the reasons set forth below, the Court disagrees with Respondent,

ORDER
PAGE - 1

DENIES his motion for sanctions, and GRANTS Petitioner's motion for partial summary judgment.

## II.   BACKGROUND

This case arises out of a physical injury suffered by Respondent in 2001, while he worked aboard one of Petitioner's fishing vessels. Dkt. #1 at ¶ ¶ 7-9. Petitioner seeks a declaratory order from this Court stating that it owes no further maintenance and cure to Respondent for his 2001 injury. Dkt. #1 at ¶ ¶ 17-19. Respondent alleges that Petitioner is due maintenance and cure for continued medical issues arising from the 2001 injury, including physical symptoms that became known in 2008 and 2012, and for the ongoing PTSD he allegedly suffers as a result of the 2001 accident. Dkt. #1 at ¶ ¶ 10-16 and Dkt. #5 at ¶ ¶ 4-15. It appears that Respondent also makes counterclaims against Petitioner for negligence. *Id.* Petitioner now moves for summary judgment on the counterclaims only.

## III.   DISCUSSION

### A.  Standard of Review

Federal Rule of Civil Procedure 56 permits parties to move for summary judgment on all or part of their claims. Summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). Material facts are those that may affect the outcome of the suit under governing law. *Anderson*, 477 U.S. at 248. An issue of material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* In ruling on a motion for summary judgment, the court does "not weigh the evidence or determine the truth of the matter but only determine[s] whether there is a genuine issue [6] for trial."

*Crane v. Conoco*, 41 F.3d 547, 549 (internal citations omitted). The moving party bears the initial burden of production and the ultimate burden of persuasion. *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000). "[T]he inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986).

### B. Motion for Severe Sanctions

As an initial matter, the Court addresses Respondent's Motion for Severe Sanctions. Dkt. #21. Respondent objects to the introduction by Petitioner of a copy of a published decision in a former lawsuit brought by Respondent against Telecheck Services, Inc. ("Telecheck"). Dkt. #21 and #20, Exhibit 2. Specifically, Respondent objects to certain language in the opinion which reads:

> Watson alleges that Telecheck served him with its summary judgment and intentionally removed Exhibits B and C to prevent him from knowing that Telecheck attached evidence of his criminal history to their summary judgment evidence.

Dkt. #20, Ex. 2 at 4. Respondent believes Petitioner has introduced this evidence to discredit him, and argues that such evidence is impermissible under Federal Rule of Evidence 609(b). Dkt. #21. The Court disagrees.

First, the Court notes that no actual evidence of any criminal history has been submitted to the Court. Rather, the above statement simply reflects another court's summary of an argument apparently made by Respondent in a different case. Dkt. #20, Ex. 2. More importantly, on motions for summary judgment the Court makes no credibility determinations, and does not do so in this case with respect to Respondent's credibility or character. In fact, the Court has not and does not consider the above statement in reaching the legal conclusions

ORDER
PAGE - 3

stated below.  Finally, Respondent fails to produce any legal authority supporting the sanctions he requests, or that such sanctions would be appropriate if the evidence to which he objects has been filed in violation of FRE 609(b).  Accordingly, Respondent's motion is denied.

### C. Statute of Limitations

In 1980, Congress enacted 46 U.S.C. § 763a, establishing a uniform statute of limitations of three years for all maritime personal injury claims.  *Usher v. M/V Ocean Wave*, 27 F.3d 370, 371-72 (9th Cir. 1994).  The parties appear to agree that the three year statute applies to Respondent's negligence counterclaims.  The parties also agree that the incident in which Respondent was injured occurred on or about February 23, 2001, which is approximately 12 years before the Complaint and Answer were filed in this case in August 2013.  *See* Dkt. #1 and #5.  Accordingly, the running of the statute of limitations is apparent on the face of the Complaint.

However, Respondent argues that the statute of limitations should be equitably tolled because his amnesia (resulting from his PTSD) precluded him from bringing his claims sooner. Dkt. #18.  The Court finds no legal basis for equitable tolling in this situation.  Federal courts have consistently held that where claims arise from an immediate injury that occurred on a specific date, the cause of action accrued at the time of the injury, and the running of the statute is not delayed pending discovery of a latent injury or the last act of a continuing tort.  *Wilson v. Zapata Off-Shore Co.*, 939 F.2d 260, 268-69 (5th Cir. 1991).  Respondent offers no legal authority to the contrary.  His reliance on *Urie v. Thompson*, 337 U.S. 163, 69 S. Ct. 1018 (1949) is misplaced, as that case involved purely latent injuries.  Here, Respondent acknowledges that he suffered immediate physical injury, as well as alleged latent injuries. Accordingly, his cause of action accrued at the time of the occurrence.

ORDER
PAGE - 4

Likewise, Respondent fails to provide any evidence to the Court sufficient to raise a genuine dispute as to the material facts relevant to this motion. Indeed, he produces no evidence other than a self-serving declaration to support his contention that his complete loss of memory precluded him from acting on his claims until 2012. Further, the medical records which he supplies to the Court, while supporting a diagnosis of PTSD, do not provide any information with respect to Respondent's alleged memory loss or how it may have prevented him from acting on his personal injury claims.

For all of these reasons, the Court finds that any counterclaims based on negligence have not been filed within the applicable statute of limitations, and there is no basis on which to toll the statute. As a result, Respondent's counterclaims must be dismissed.

## IV.    CONCLUSION

Having reviewed the relevant pleadings, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby ORDERS:

1. Respondent's Motion for Severe Sanctions (Dkt. #21) is DENIED.

2. Petitioner's Motion for Partial Summary Judgment (Dkt. #11) is GRANTED, and Respondent's counterclaims for negligence are hereby DISMISSED.

DATED this 22 day of October, 2014.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE