UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

|  |  |
|---|---|
| THE FISHING COMPANY OF ALASKA, INC., a Washington corporation, | CASE NO. C13-1380RSM |
| Petitioner, | ORDER ON PENDING MOTIONS |
| v. |  |
| WALTER WENDELL WATSON, an individual, |  |
| Respondent. |  |

This matter comes before the Court on: 1) Petitioner's Motion to Take Depositions By Telephone; and 2) Petitioner's Motion for Expedited Consideration of the motion for telephonic depositions. Dkts. #81 and #83. For the reasons set forth below, the Court GRANTS Petitioner's motions.

As an initial matter, the Court agrees to expedited review of Petitioner's motion because it involves depositions scheduled to occur in the coming days, and because it appears that Petitioner's counsel's health requires a timely Order in this matter. Further, the Court does not require a response from Respondent to address the pending motions. Accordingly, Petitioner's Motion to Expedite (Dkt. #83) is GRANTED.

ORDER
PAGE - 1

The Court next turns to Petitioner's Motion to Take Depositions by Telephone. Dkt. #81. Petitioner's counsel seeks an Order allowing her to take two depositions, which are expected to last less than 30 minutes each, by telephone. Dkt. #81 at 1. She seeks such an Order because Respondent apparently will not stipulate to her request, even though Petitioner's counsel has been advised not to travel for health reasons. *Id.* Under these circumstances, the Court funds good cause to grant the motion. Both of the deponents are located in Texas, and the depositions are expected to last less than 30 minutes. It is not necessary to require Petitioner's counsel to travel to Texas for such short depositions, particularly when her medical professionals have advised against it. Accordingly, and pursuant to Federal Rule of Civil Procedure 30(b)(3)(4), Petitioner's Motion to Take Depositions By Telephone (Dkt. #81) is GRANTED.

Finally, the Court reminds Respondent that it expects all parties to work cooperatively, in an efficient manner, and without wasting either the parties' or the Court's resources. The issue raised in Petitioner's motion for telephonic depositions was a simple procedural matter that could have easily been resolved without judicial intervention. The Court also reminds Petitioner's counsel that waiting until just five days before the first scheduled deposition before contacting Respondent about a stipulation, *see* Dkt. #82, calls into question a good faith effort to resolve the issue and provides little time for either of the parties to informally discuss and resolve the issue. Both parties are therefore warned that should such failure to cooperate continue in the future, sanctions may be imposed on the party necessitating the Court's involvement.[1]

---

[1] This Order is not intended to preclude the future filing of substantive motions or the filing of procedural or other motions that truly cannot be resolved between the parties, provided, however, that the parties meet the mandated meet-and-confer requirements set forth in the Court's Local Rules.

ORDER
PAGE - 2

DATED this 7th day of May, 2015.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER
PAGE - 3